Johnson, J., concurring in part and dissenting in part:
I agree with the majority's opinion up to the point that it cherry-picks only those statements by Stephen A. Macomber that support its conclusion that "he did not actually believe deadly force was necessary to prevent death or great bodily harm, even if Lofton was entering or within the car as the statute contemplates." Op. at 492. In doing so, the majority apparently assigns no weight or credibility to Macomber's other recited statements. For instance, Hedy Saville testified that Macomber said the man was going to shoot him; KBI Agent Steve Bundy testified that Macomber told him that he assumed Ryan Lofton had a gun, that Lofton threatened to shoot him and had a house full of people, and that there had been five recent neighborhood shootings; and in Macomber's recorded jailhouse telephone call to Theresa, he said Lofton threatened to shoot him and there were four to five people inside and outside the house when Lofton began pulling on the car door and trying to grab the handgun. Op. at 482-84. Those statements do not definitively refute the presumption of self-defense.
When the majority relies on selected portions of the evidence, while ignoring other contradictory evidence, it is engaging in evidence-weighing and credibility-assessment. That tack runs counter to our oft-repeated prohibition against acting as the fact-finder when engaging in appellate review. In my view, the conflicting testimony could not, as a matter of law, definitively rebut the statutory presumption that self-defense was necessary. Given that this is not a circumstance in which the evidence is viewed in the light most favorable to the State, I would hold that the State did not meet its burden to show that withholding an instruction on the presumption was harmless, i.e., that there was no reasonable probability that a properly instructed jury would apply the legal presumption of self-defense. See Siruta v. Siruta , 301 Kan. 757, 772, 348 P.3d 549 (2015) (explaining that for preserved jury instruction errors, the party benefiting from error has the burden to show harmlessness).
Nuss, C.J., and Luckert, J., join in the foregoing concurring and dissenting opinion.